**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | |
| | C/A No. 21-00642-HB |
| Dora M. Williams, | Chapter 13 |
| Debtor(s). | **ORDER DENYING CONFIRMATION** |

**THIS MATTER** is before the Court to consider confirmation of Debtor Dora M. Williams' Chapter 13 plan and the objection of Creditor US Bank Trust National Association.[1]

Debtor executed a note secured only by a mortgage on her principal residence, which requires fixed monthly installment payments over a period that extends beyond the duration of this bankruptcy case.  Debtor defaulted on payments, Creditor accelerated the note and initiated a foreclosure.  Debtor then filed this Chapter 13 case and plan.

Pursuant to § 1322(b)(2), a Chapter 13 plan may modify the rights of creditors who hold a claim against the estate, except "a claim secured only by a security interest in real property that is the debtor's principal residence[.]"  Despite this anti-modification provision, for such a claim the plan may "provide for the curing or waiving of any default," and "the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]" 11 U.S.C. § 1322(b)(3) & (5).  Further, § 1322(c)(2) provides:

> in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

---

[1] ECF No. 14, filed Mar. 24, 2021.  An Amended Objection was filed by U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of First Key Master Funding 2021-A Collateral Trust to correct Creditor's name. (ECF No. 19, filed Jun. 9, 2021).

Section 1325(a)(5) allows modification of secured claims.

Debtor's proposed plan values Creditor's claim pursuant to 11 U.S.C. § 506 and bifurcates it into a secured and unsecured claim.  Debtor argues she can modify Creditor's claim secured only by her residence because Creditor accelerated the debt in the foreclosure proceeding so "the last payment on the original payment schedule . . . is due before the date on which the final payment under the plan is due."  The Court reviewed *In re Brown*, 428 B.R. 672 (Bankr. D.S.C. 2010), cited by Debtor's counsel, and finds no support there.[2]  *Brown* involved a reverse mortgage where there was no payment schedule, but rather the debt would accelerate and become immediately due upon the death of the borrower. *Id.* at 674.  Because the borrower died, the debt was due in full prior to the bankruptcy filing and the debtor was allowed to modify the creditor's claim under § 1322(c)(2). *Id.* at 675.  The *Brown* Court noted that the acceleration event (death) obviously could not be cured through the bankruptcy. *Id.* at 677; *see also In re Trapp*, 260 B.R. 267, 271 (Bankr. D.S.C. 2001) (explaining that the power to cure a default in a plan relates to the ability to "de-accelerate" by taking care of or curing a triggering event and, thus, nullifying the consequences (citing *In re Taddeo*, 685 F.2d 24 (2d Cir. 1982))).  Unlike *Brown,* the underlying loan documents here include a payment schedule, the last payment is not due before the date on which the final payment under the plan is due, and the default that led to acceleration can be cured. *See Trapp*, 260 B.R. at 272

---

[2] At the hearing, Debtor's counsel also cited *In re Nepil*, 206 B.R. 72 (Bankr. D.N.J. 1997) and *In re Winogora*, 209 B.R. 632 (Bankr. D.N.J. 1997), but did not discuss the fact that those cases have since been disagreed with and rejected by many. *See In re Goione*, 595 B.R. 477, 486 (Bankr. D.N.J. 2019) ("Because the § 1322(c)(2) exception is constricted to shield only those mortgagors whose last payment comes due within the life of a chapter 13 plan, there are only three scenarios in which it is applicable: (1) short term mortgages, (2) long term mortgages on which the debtor is within five years of completing payments; and (3) mortgages with balloon payments."); *In re Rowe*, 239 B.R. 44, 50 (Bankr. D.N.J. 1999) (disagreeing with *Nepil* and *Winogora* and holding that the "last payment" language of § 1322(c)(2) refers to the date of the last payment on the original note rather than the date the accelerated debt is due); *In re Barbone*, C/A No. 5-13-AP-00271-JJT, 2014 WL 4976822, at *1 (Bankr. M.D. Pa. Oct. 3, 2014) (rejecting *Nepil* and *Winogora* and stating that "[m]ost authorities, relying on the language of the statute, require that one must look to the original payment schedule of the mortgage to determine whether § 1322(c)(2) is implicated." (citing *In re Anderson*, 458 B.R. 494 (Bankr. E.D. Wis. 2011); *In re Maiorino*, 2009 WL 614819 (Bankr. W.D.N.Y. 2009); *In re Amos,* 259 B.R. 317 (Bankr. C.D. Ill. 2001))).

(noting the "on which the last payment is due" language of § 1322(b)(5) has been interpreted "to

mean 'on which the last payment before acceleration is due.'" (quoting *Grubbs v. Houston First*

*Am. Sav. Assoc.*, 730 F.2d 236, 247 n.7 (5th Cir. 1984))).[3]  Therefore, Creditor's objection is

sustained and confirmation is denied.  Debtor shall file an amended plan in accordance with SC

LBR 3015-2 within fourteen **(14) days** from entry of this Order.

        **AND IT IS SO ORDERED.**


**FILED BY THE COURT**
**06/14/2021**



                    Chief US Bankruptcy Judge
                    District of South Carolina

Entered: 06/14/2021

---

[3] Because the Court finds the plan violates the anti-modification provision of § 1322(b)(2), discussion of the proposed valuation issue is unnecessary.